IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TCF Financial Corporation,
on its own behalf and on behalf
of the TCF Medical Plan,

Plaintiff,

v.

Blue Cross Blue Shield of Minnesota,

Defendant.

Civil File No. 01-561 PAM/JGL

**JOINT STIPULATION FOR CONFIDENTIALITY ORDER AND ORDER**

In order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material that a party reasonably believes to be entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, plaintiff and defendant jointly stipulate to the entry of the following order, pursuant to the Court's authority under Fed. R. Civ. P. 26(c):

1. **Nondisclosure of Documents.** All stamped confidential documents produced by the parties shall be used solely for purposes of the preparation and trial of the action before this Court captioned TCF Financial Corp. v. Blue Cross Blue Shield of Minnesota, Civil File No. 01-561 (D. Minn.), including appeals and retrials, and shall not be used for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings, except as set forth below or expressly authorized in writing by the producing party.

   For purposes of this order, the term "document" means all written, recorded, electronic, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement or otherwise. Interrogatory answers, responses to requests for admission ,deposition transcripts and exhibits, pleadings, motion, affidavits, and briefs that quote, summarize or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner to preserve the confidentiality. A "stamped confidential



FEB 25 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

document" means any document which bears the legend "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c).

2. **"CONFIDENTIAL" Documents.** Any party or nonparty in this action may stamp as "CONFIDENTIAL" documents produced in discovery in this action, together with pleadings, deposition transcripts, exhibits, and any other information derived from such documents which contain trade secrets, customer lists, financial data, pricing, underwriting or actuarial data, and other information that the law recognizes as private information.

Subject to the provisions of section 3, documents designated "CONFIDENTIAL" shall be shown only to the parties, the attorneys for the parties (including partners, associates, paralegals, clerical and support personnel), employees of third-party contractors involved in one or more aspects of copying, organizing, filing, coding, imaging, converting, storing, or retrieving data or designating programs for handling data connect with this action, including the performance of such duties in relation to a computerized litigation support system or in providing other clerical and support services, the parties' experts and consultants, persons noticed for depositions or designated as trial witnesses to the extent necessary in preparing to testify, officials of this Court (including court reporters, persons operating video equipment at depositions, and any special master or mediator appointed by the Court), present or former employees of any party who are involved in the prosecution or defense of this action, and other persons whom the Court deems necessary to review the documents for the prosecution or defense of this action.

Each person (other than Court officials, and clerical and support personnel employed by the attorneys in this action) who is permitted to see "CONFIDENTIAL" documents shall first be shown a copy of this Order and shall sign an acknowledgment in the form attached hereto as Exhibit A that states:

(a) the signatory has read and understands this Order;

(b) the signatory understands the information contained in the documents is highly confidential;

(c) the signatory understands that unauthorized disclosures of "CONFIDENTIAL" documents constitutes contempt of Court; and

(d) the signatory consents to the exercise of personal jurisdiction by this Court.

These signed forms shall be maintained by the litigant acquiring the signatures and shall be produced to the court for *in camera* inspection should such inspection be requested by any party.

3. **Additional Disclosure Restrictions: Competitors and Health Care Providers.** Before disclosing a stamped confidential document to any person who is a competitor (or an employee of a competitor) of the party that so designated the document, or to any person who is a health care provider (or an employee of a health care provider), the party wishing to make such disclosure shall give at least 10 days advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion.

4. **Declassification.** If a party believes that a document designated or sought to be designated as "CONFIDENTIAL" by the producing party does not warrant such designation, it shall first make a good faith effort to resolve such dispute with counsel for the party designating the document. In the event that such a dispute cannot be resolved by the parties, either party may apply to the court for a determination as to whether the designation is appropriate. The burden of proof as to the propriety of a confidentiality designation is on the party seeking that designation.

5. **Confidential Information in Depositions.**

   (a) Deponents shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents. Confidential information may not be disclosed to deponents without compliance with sections 2 and 3 of this Order.

   (b) At the time of deposition or within 30 days after receipt of the deposition transcript, a party may designate as "CONFIDENTIAL" specific portions of the transcript and any videotape which contains references to documents and information under the standards set forth in section 2 above. This designation shall be stated on the record at the deposition, or later made in writing and served upon all counsel of record. All transcripts and videotapes will initially be treated as "CONFIDENTIAL" for this 30 day period. Any portions of a transcript or videotape designated as "CONFIDENTIAL" shall thereafter be treated in accordance with this Order.

6. **Confidential Information at Trial.** Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

7. **Subpoena by Other Courts or Agencies.** If another court or administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

8. **Filing.** Stamped confidential documents shall not be filed with the clerk except when required in connection with motions or other matters pending before the court. If filed, they shall be filed under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.

9. **Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of sections 2 and 3.

10. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation, or upon request from the producing party thereafter.

11. **Modification Permitted.** Nothing in this order shall prevent any party or other person from seeking modification to this order or from objecting to discovery that it believes to be otherwise improper.

12. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this order, to control duplication of, access to, and distribution of copies of stamped confidential documents. The parties shall treat duplicates of stamped confidential documents in the same manner as the original stamped confidential documents.

13. **No Waiver.**

(a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or *in camera* disclosure of confidential, privileged, or work-product documents or information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

(c) Unless otherwise stipulated by the party claiming confidentiality thereof, any waiver of the protections of this Order shall be limited to the particular document with respect to which the waiver has been made and shall not constitute a waiver as to any other document.

14. **No Prejudice.** Nothing in this protective order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

APPROVED AS TO FORM:

Dated this 22d day of February, 2002.

**ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.**

By: Joel A. Mintzer

James R. Safley (~~MN~~ No. 95151)
Joel A. Mintzer (MN No. 224169)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Dated this 22 day of Feb., 2002.

KELLY & BERENS, P.A.

By: Timothy D. Kelly

Timothy D. Kelly (MN No. 54926)
Daniel Bryden (MN No. 302284)
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 349-6171

SO ORDERED:

Dated this 21 day of Feb., 2002.

Jonathan G. Lebedoff
United States District Court Magistrate
Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TCF Financial Corporation,
on its own behalf and on behalf
of the TCF Medical Plan,

Plaintiff,

v.

Blue Cross Blue Shield of Minnesota,

Defendant.

Civil File No. 01-561 PAM/JGL

**AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION**

---

State of ___________________ )
)
County of __________________)

__________________________________, being sworn, deposes and says:

(a) I have read and I understand the Joint Stipulation for Confidentiality Order and Order, and I agree to be bound by it;

(b) I understand that the information contained in documents marked "CONFIDENTIAL" is highly confidential;

(c) I understand that the unauthorized disclosure of "CONFIDENTIAL" information constitutes contempt of Court; and

(d) I consent to the exercise of personal jurisdiction by the United States District Court for the District of Minnesota.

Signed: _____________________________

SUBSCRIBED and sworn to
before me this ____ day of
____________, _______.

________________________
Notary Public

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.